# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| CORDARRIEL GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-053 |
| | ) | |
| DEPUTY BRADY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Cordarriel Green filed a Complaint alleging various claims against "Deputy Brady," an officer with the Liberty County, Georgia Sheriff's Department. *See generally* doc. 1. Green's related Complaint, *see, e.g.,* doc. 4, arising from the same facts but asserting claims only against Superior Court Judge Glen A. Cheney, was recently dismissed. *See Green v. Cheney*, CV424-018, doc. 14 (S.D. Ga. Feb. 28, 2024), *adopted* doc. 17 (S.D. Ga. Mar. 15, 2024). He moves to pursue this case *in forma pauperis*. Docs. 2. Despite some ambiguities concerning his financial status,[1] the Court accepts his statement that he lacks the

---

[1] The Court directed Green to supplement his financial disclosures in the related case. *See* CV424-018, doc. 11 (S.D. Ga. Feb. 13, 2024). Green's exact financial status remains unclear., He claims that he is completely destitute; he discloses only $0.97 in available funds. *See* doc. 2 at 3. Despite apparently lacking any funds at all and being unemployed, his pleadings are typed, *see generally* doc. 1, and he continues to

ability to pay the required filing fee. His request to proceed *in forma pauperis* is, therefore, **GRANTED**. Doc. 2. The Court, therefore, proceeds to screen his Complaint. *See* 28 U.S.C. § 1915(e)(2).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-

---

list his residence in Houston, Texas, *see id.* at 12, but he submitted his pleadings to the Clerk in Savannah, Georgia. It is unclear how Green can fund this litigation and any associated travel without any income or assets at all. As discussed below, one of Green's claims is sufficient for service upon Defendant. To the extent that the Court is presented with any evidence that Green has misrepresented his financial status, it may be obligated to revisit the question. *See, e.g.,* 28 U.S.C. § 1915(e)(2)(A) ("Notwithstanding any filing fee, or portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue").

me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Green alleges that he was attending a hearing at the Liberty County Superior Court in 2022. Doc. 1 at 3. After speaking to Superior Court Judge Glen A. Cheney, Brady "ordered" Green into the courtroom. *Id.* at 4. After Green protested that he had "not done anything wrong" and that the unidentified hearing was in a "civil case," Brady grabbed him by the arm and "forcibly" brought him into the courtroom. *Id.* Although Green does not state that he suffered any injury from the rough treatment, he states that Brady refused to call an ambulance. *Id.* Green then alleges that he left the courthouse. *Id.*

Green's assertion of claims pursuant to 18 U.S.C. §§ 241, 242, and 249 can be resolved quickly. *See* doc. 1 at 8-9. Section 241 prohibits conspiracy "to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so

exercised the same . . . ." 18 U.S.C. § 241. Section 242 prohibits deprivation of "any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . . on account of such person being an alien, or by reason of his color, or race . . . ." 18 U.S.C. § 242. Section 249 prohibits causing bodily injury, or attempting to cause such injury, because of the victim's "actual or perceived race, color, religion, or national origin . . . gender, sexual orientation, gender identity, or disability . . . ." 18 U.S.C. § 249(a)(1)-(2). Regardless of Green's limited application of the statutes to the facts alleged, his claims fail because the statutes do not provide a private right of action. *See, e.g., Sanders v. Carro*, 2024 WL 382454, at *2 (N.D. Ohio Feb. 1, 2024) ("Sections 241, 242, and 249 are criminal statutes and provide no private right of action to civil plaintiffs," and collecting cases). Those claims should, therefore, be **DISMISSED**.

Green also alleges violations of several Georgia criminal statutes. *See* doc. 1 at 9-11 (citing O.C.G.A. §§ 16-5-20, 16-5-40, 16-5-1, 16-4-7, and 16-10-1). Under Georgia law, like federal law, private parties cannot generally enforce violations of criminal statutes. *See, e.g., Smith v. Chemtura Corp.*, 676 S.E. 2d 756, 763 (Ga. Ct. App. 2009) ("It is well

4

settled that the violation of a penal statute does not automatically give rise to a civil cause of action on the part of one who claims to have been injured thereby." (internal quotation marks and citation omitted)). In *Smith*, the Georgia Court of Appeals affirmed the trial court's determination that O.C.G.A. §§ 16-5-20 and 16-5-40 did not give rise to a civil cause of action. 676 S.E. 2d at 763. Green's citation to O.C.G.A. § 16-5-1 is clearly a typographical mistake, his reference to "false imprisonment" indicates that he intended to cite O.C.G.A. § 16-5-41, which *Smith* also recognized provided no civil cause of action. *Smith*, 297 S.E. 2d at 763. The United States District Court for the Northern District of Georgia has rejected attempts by private plaintiffs to sue under O.C.G.A. § 16-10-1. *See Conner v. Tate*, 130 F. Supp. 2d 1370, 1381 (N.D. Ga. 2001) ("Plaintiff may not sue the individual Defendants under the O.C.G.A. § 16-10-1."); *see also Granger v. Wilson*, 2020 WL 5223305, at *7 (M.D. Ga. Sept. 1, 2020) ("[T]he Court is unaware of any private right of action implied into existence from [O.C.G.A. § 16-10-1].").

Green's state criminal law based claims also fail because they are insufficiently pleaded. They simply incorporate, collectively, all of the prior allegations in the Complaint, *see* doc. 1 at 9-11, ¶¶ 34, 36, 38 & 41,

and then allege violation of the statutes in wholly conclusory fashion, *id.*, ¶¶ 35, 37, 39, 42. Those claims amount to nothing more than "[t]hreadbare recitals . . ., supported by mere conclusory statements," which "do not suffice" to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678. Thus, even supposing that Green *could* support a civil claim based upon violations of criminal statutes—and, as discussed above, he cannot—his state law claims are subject to dismissal regardless.

That leaves Green's constitutional claims, under 42 U.S.C. § 1983. *See* doc. 1 at 6-8. Green alleges that Brady's conduct violated several of his constitutional rights. *See id.* at 5-8. His contention that the conduct violates the Ninth Amendment is frivolous, as the Ninth Amendment does not provide any positive rights that could be enforced through a § 1983 action. *See, e.g., Hightower by Dahler v. Olmstead*, 959 F. Supp. 1549, 1557-58 (N.D. Ga. 1996) ("[T]he Ninth Amendment standing along provides no particular constitutionally guaranteed freedoms."), *aff'd sub nom, Hightower v. Olmstead*, 166 F.3d 351 (11th Cir. 1998). Similarly, his contention that the conduct violated the Eighth Amendment is frivolous, as no bail was required, no fines imposed, and no "punishment"

inflicted. *See* U.S. Const. amend. VIII; *see also, e.g., Ingraham v. Wright*, 430 U.S. 651, 664 (1977) ("An examination of the history of the Amendment and the decisions of this Court construing the proscription against cruel and unusual punishment confirms that it was designed to protect those convicted of crimes."). And again, his contention that the conduct violates the Fourteenth Amendment's Privileges and Immunities Clause or Due Process Clause fails because, as discussed below, his allegations of false arrest and excessive force are clearly governed by the Fourth Amendment and "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims," *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (internal quotation marks and citation omitted); *see also, e.g., Jordan v. Mosley*, 298 F. App'x 803, 805 (11th Cir. 2008). Finally, his assertion of a violation of the Fifth Amendment also fails, since that Amendment applies only to federal

actors. *See, e.g., Jordan*, 298 F. App'x at 806 n. 5 (citing *Knoetze v. U.S. Dep't of State*, 634 F.2d 207, 211 (5th Cir. 1981)).

Notwithstanding the multiple inapplicable amendments Green invokes, he does sufficiently assert that his Fourth Amendment rights were violated to merit service upon Brady. While the restriction on Green's freedom of movement, while in the courthouse, appears to have been limited, the Supreme Court has recognized that a "seizure" within the meaning of the Fourth Amendment involves "intentional acquisition of physical control." *Brower v. Cnty. of Inyo*, 489 U.S. 593, 596 (1989); *see also, e.g., McClish v. Nugent*, 483 F.3d 1231, 1238 (11th Cir. 2007) ("An arrest is quintessentially a seizure of a person, and therefore subject to the Fourth Amendment's reasonableness requirement."). To the extent that Green also alleges that Brady used excessive force in moving him into the courtroom, any such claim is subsumed in the general Fourth Amendment claim. *See, e.g., Jackson v. Sauls*, 206 F.3d 1156, 1171 (11th Cir. 2000) ("Under this Circuit's law, . . . a claim that any force in an illegal stop or arrest is excessive is subsumed in the illegal stop or arrest claim and is not a discrete excessive force claim."). Accordingly, the Court

concludes that Green has sufficiently alleged that Brady's conduct violated his Fourth Amendment rights.

In summary, Green's claims under federal and state criminal law should be **DISMISSED**.  His 42 U.S.C. § 1983 claim, to the extent that it asserts Brady violated his Fourth Amendment rights, is sufficient for service.  This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

The Court must also address the method by which Green's Complaint will be served upon Brady. Under the Federal Rules of Civil Procedure, "[t]he plaintiff is responsible for having the summons and complaint served within [ninety days]." Fed. R. Civ. P. 4(c)(1), (m). The Rules also provide that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). Alternatively, a plaintiff authorized to proceed *in forma pauperis* is entitled to service by the United States marshal or deputy marshal, "[a]t the plaintiff's request." Fed. R. Civ. P. 4(c)(3); *see Nagy v. Dwyer*, 507 F.3d 161, 164 (2d Cir. 2007) ("[T]he district court may require plaintiffs proceeding *in forma pauperis* to affirmatively request that the court appoint the Marshals to serve the summons and complaint on the defendant."); *see also*, 4A Adam N. Steinman, Federal Practice & Procedure Civil § 1090 (4th ed. 2022) ("Service of a summons and complaint by a marshal must be utilized—if requested by the plaintiff—when the plaintiff is proceeding in an action in forma pauperis . . . .").

Within fourteen days from the date of this Order, plaintiff must either (1) request a summons from the Clerk, pursuant to his standard procedures, *see, e.g.,* Fed. R. Civ. P. 4(b);[2] or (2) file a motion requesting that the Court authorize service by the United States Marshal or deputy marshal.  If Plaintiff elects not to request service by the marshals, and instead requests a summons from the Clerk, he may utilize the waiver process, detailed in Rule 4(d).  To facilitate Plaintiff's use of the Rule's waiver provisions, the Clerk is **DIRECTED** to provide Plaintiff, in addition to the summons, with one blank copy of Forms AO 398 (Notice of a Lawsuit and Request to Waive Service of a Summons) and AO 399 (Waiver of the Service of Summons), and one service copy of the complaint per defendant.  The Clerk is **DIRECTED** to note the issuance of any summonses on the docket.  Plaintiff is advised that, upon issuance of a summons, service must be effected and proofs of service must be filed,

---

[2] Green presented a summons to the Clerk when he filed this case. *See* doc. 5.  To the extent Green elects to undertake service himself, he is free to request that the Clerk issue the summons he has already presented.  However, to ensure that he has an opportunity to elect Marshal service, under this Order, the Clerk is **DIRECTED** to **STAY** issuance of that summons until Green requests it be issued or until further Order from the Court.  The Clerk is, however, authorized to issue the summons, upon Green's request, without further Order from the Court.  If Green makes such a request to the Clerk, without submitting a written filing, the Clerk is **DIRECTED** to note the time, date, and manner (*i.e.*, by phone, in person, etc.) of the request on the docket.

pursuant to Fed. R. Civ. P. 4(l), *see* Form AO 440 at 2, no later than ninety days from the date the complaint was filed. *See* Fed. R. Civ. P. 4(m). Failure to timely serve a defendant may result in dismissal "of the action without prejudice against that defendant . . . ." *Id.*

If Plaintiff files a motion requesting service by the United States Marshal, the Court will enter a separate order authorizing service, if appropriate, *see* 28 U.S.C. § 1915(e)(2); *Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017), and providing instructions. Plaintiff is advised that failure to timely comply with this Order may result in dismissal for failure to prosecute or comply with a court order. *See* doc. 41(b); *see also, e.g., Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)) ("The district court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order.")).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 28th day of March, 2024.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA