IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CORDARRIEL GREEN, | |
| Plaintiff, | CIVIL ACTION NO.: 4:24-cv-53 |
| v. | |
| DEPUTY BRADY, | |
| Defendant. | |

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's Report and Recommendation, (doc. 8), to which plaintiff has filed an objection, (doc. 9). The Court **ADOPTS** the Report and Recommendation as its opinion.  See 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").  As the Magistrate Judge explained, Green's claims arise from his seizure by Defendant Brady, which was related to a proceeding in the Superior Court of Liberty County.  (See doc. 8, p. 3.)  The Magistrate Judge recommended that Green's claims, purportedly based on criminal statutes, be dismissed.  (See id., pp. 4-6.)  He considered the various rights Green asserts were violated allegedly giving rise to his 42 U.S.C.§ 1983 claim and concluded that, while many were not viable, Green had sufficiently alleged that the seizure violated his Fourth Amendment rights.  (Id., pp. 6-9.)  The Magistrate Judge concluded that the § 1983 claim, under that theory, was sufficient for service.  (Id., p. 9.)  Because Green's Complaint only alleged one § 1983 claim, ambiguously asserting multiple violations, the Magistrate Judge did not recommend any disposition of that claim.  (Id.)

First, the Court must address an ambiguity in Green's Objection. He refers several times to the institution of a prosecution. (See, e.g., doc. 9, p. 2.) However, there is no mention of a prosecution resulting from the events alleged in the Complaint. (See generally doc. 1.) Green specifically alleges that, after the alleged seizure, he "left the courthouse." (Id., p. 4.) As the Magistrate Judge explained, "arrest," as relevant to the facts alleged in Green's Complaint, simply means "seizure," or exercise of physical control. (Doc. 8, p. 8 (citations omitted).) If any formal charges have resulted from Green's interaction with Defendant, the Complaint does not mention them. Green also attempts to assert, for the first time, allegations that his seizure was motivated by his race. (Doc. 9, pp. 2-3, 7-8.) No fact even suggesting racial animus is apparent on the face of the Complaint.[1] (See generally doc. 1.) If Green wishes to assert that some prosecution arising from his seizure is improper or to allege his seizure was racially discriminatory, he must follow the applicable procedure for amending his Complaint. See, e.g., Fed. R. Civ. P. 15; Brown v. Sharpe, 2024 WL 1254804, at *1 (S.D. Ga. Mar. 25, 2024) ("Attempts to amend pleadings through objections to reports and recommendations are improper." (internal quotation marks and citation omitted)).

After his ambiguous assertions of racial discrimination, Green first objects to the conclusion that any allegation of excessive force used in effecting the seizure is subsumed by the Fourth Amendment claim that the seizure was improper. (See doc. 9, p. 5.) The Magistrate

---

[1] The closest Green comes to such an allegation is a wholly conclusory assertion in the context of one of his frivolous claims allegedly arising under a criminal statute that Green is African American and Defendant is White. (Doc. 1, p. 9.) Since the Complaint, even liberally construed, does not assert any claim that the seizure was racially discriminatory, in violation of the Fourteenth Amendment, the Magistrate Judge did not consider any such claim. (See generally doc. 8.) The Magistrate Judge concluded that Green's Complaint did not state a claim under the Fourteenth Amendment's Privileges and Immunities Clause or Due Process Clause, as any such claim was subsumed by the Fourth Amendment claim. (Id., p. 7). Any allegation of a racially motivated arrest, as Green's Objection recognizes, (doc. 9, p. 3), would arise under the Fourteenth Amendment's Equal Protection Clause. Since no such claim was asserted or considered, the Court offers no opinion on the possibility or potential merits of any such claim.

Judge reached his conclusion by relying on binding Eleventh Circuit precedent. (Doc. 8, p. 8 (citing Jackson v. Sauls, 206 F.3d 1156, 1171 (11th Cir. 2000)).) The Court of Appeals expressly held that "a claim that any force in an illegal stop or arrest is excessive is subsumed in the illegal stop or arrest claim and is not a discrete excessive force claim." Jackson, 206 F.3d at 1171 (citing Williamson v. Mills, 65 F.3d 155, 158-59 (11th Cir. 1995)). The Court of Appeals has explained that while claims of excessive force in an allegedly unlawful arrest "fail to state independent excessive force claims, [the allegations of excessive force] remain relevant to any subsequent determination of damages. . . as [plaintiffs] may recover damages suffered because of the use of force in effecting the arrest." Martin v. Miami Dade Cnty., 2024 WL 1434329, at *5 (11th Cir. Apr. 3, 2024) (quoting Williamson, 65 F.3d at 158) (internal quotation marks omitted). It is possible for a plaintiff to plead an excessive force claim, in the alternative, if the arrest was hypothetically lawful. See id. However, both Green's Complaint and his Objection are emphatic that the seizure was unlawful, and there is no suggestion that he asserts an excessive force claim under an alternative theory that it was lawful.[2] (See, e.g., doc. 9, p. 5 ("GREEN's arrest was made in an extraordinary manner unusually harmful to his privacy or physical interest.").) The Court, therefore, agrees with the Magistrate Judge that any claim that Defendant Brady used excessive force in effecting an unlawful seizure is subsumed by the unlawful seizure claim itself. As discussed above, to the extent that Green might assert that the force used in the seizure was independently excessive, he must comply with the procedure for amending his Complaint.

Green also objects to the Magistrate Judge's analysis of his assertion that the seizure

---

[2] Green does suggest that he might plead a Fourteenth Amendment discriminatory arrest claim, in the alternative. (See doc. 9, p. 4 ("Even if probable cause existed to believe Green had broken a valid law— even if Green had in fact violated the law—the court held that the city's discriminatory enforcement violated the Fourteenth Amendment." (citation omitted)). There is nothing in Green's Objection that even hints at a similar approach to his excessive force allegations.

violated his Fifth Amendment rights. (Doc. 9, pp. 5-7.) His basis for that objection is not clear. He seems to suggest that there is some theory whereby he can assert that persons acting pursuant to state law, as opposed to federal law, could violate the Fifth Amendment. (See id.) He is simply mistaken. See, e.g., Cotriss v. City of Roswell, 2022 WL 2345729, at *6 (11th Cir. June 29, 2022) ("[T]he Fifth Amendment applies only to the federal government, not to the States." (citation omitted)). Green's assertion that his mistaken belief that the Fifth Amendment applies to persons acting under color of state law, somehow, justifies his assertion of civil claims arising under criminal statutes is meritless. (Doc. 9, pp. 6-7 ("For these reasons GREEN'S 18 U.S.C. § 241, 18 U.S.C. § 242, and 18 U.S.C. § 249 should be able to proceed in context with *Jordan* which applies to Federal [acts] not [actors]." (unedited)).)

Next, Green objects to the Magistrate Judge's conclusion that his § 1983 claim could not proceed on the theory that his Eighth Amendment rights were violated. (Doc. 9, p. 7.) Despite clearly stating the fact of his Objection, Green's reasons for objecting are unclear, at best. He states only that he alleges a violation of the Eighth Amendment because "cruel and unusual punishment was inflicted and serious bodily injury was received." (Id.) However, as the Magistrate Judge noted, the Eighth Amendment protects those who have been convicted, not those who have been arrested. (Doc. 8, pp. 6-7.) Cf. Hamm v. DeKalb Cnty., 774 F.2d 1567, 1572 (11th Cir. 1985) ("The eighth amendment . . . applies only to confinement that occurs subsequent to and as a consequence of a person's lawful conviction of a crime."). To the extent that Green's invocation of the Eighth Amendment is a reassertion of his contention that the force used to effect his seizure was excessive, those allegations are discussed above.

In addition to being meritless, Green's objections are also moot. As the Court noted above, the Magistrate Judge merely considered the various alternative theories Green asserted in

support of a single 42 U.S.C. § 1983 claim. Because he concluded that one, albeit only one, of those theories was sufficient to support such a claim, he did not recommend any disposition. Green's 42 U.S.C. § 1983 claim remains pending, subject to the Court's Order below. Whether, in the course of any subsequent litigation, Green might develop and pursue an alternative legal theory for such a claim can only be addressed in the course of litigating it. Cf. Fed. R. Civ. P. 15(b)(2).

In summary, Green's Objection is **OVERRULED**. (Doc. 9.) The Magistrate Judge's Report and Recommendation is **ADOPTED**. (Doc. 8.) Green's claims pursuant to 18 U.S.C. §§ 241, 242 and 249, and O.C.G.A. §§ 16-5-20, 16-5-40, 16-5-1, 16-4-7, and 16-10-1 are **DISMISSED**. (Doc. 1, in part). His 42 U.S.C. § 1983 claim, which the Magistrate Judge concluded was sufficient for service, (see doc. 8, p. 9), remains pending. Although the Clerk has now issued a summons, (doc. 10), Green did not comply timely with the Magistrate Judge's instructions, (doc. 8, pp. 11-12). The Magistrate Judge expressly warned him that failure to comply with that Order might result in dismissal of this case due to failure to comply with a court order. (Id., p. 12 (citing Fed. R. Civ. P. 41(b)). Green is, therefore, **DIRECTED** to respond no later than seven days from the date of this Order and **SHOW CAUSE** why he failed to comply timely. He is, again, advised that failure to respond to this Order may result in dismissal of his case. Fed. R. Civ. P. 41(b).

**SO ORDERED**, this 19th day of April, 2024.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

5