# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | |
|---|---|
| CORDARRIEL GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV424-053 |
| ) | |
| DEPUTY BRADY, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Cordarriel Green filed this case complaining that his constitutional rights were violated when he was seized by Defendant during a hearing before the Liberty County Superior Court. *See, e.g.,* doc. 8 at 3. The Court granted Green leave to proceed *in forma pauperis* and screened his Complaint, pursuant to 28 U.S.C. § 1915(e). *See generally id.* The District Judge adopted the recommendation that several of Green's claims be dismissed, over his objection. *See generally* doc. 11. The District Judge also directed Green to respond and show cause why he failed to comply with the Court's order to elect a method for serving the Complaint. *See id.* at 5. Green was explicitly warned that "failure to

1

respond to this Order may result in dismissal of his case." *Id.* (citing Fed. R. Civ. P. 41(b)). Green has failed to respond. *See generally* docket.

This Court has the authority to prune cases from its docket where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Green's failure to comply with the Court's Order and failure to prosecute this case provide sufficient reasons to dismiss his Complaint. *See, e.g., Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006) ("Dismissal pursuant to Rule 41(b) upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Accordingly, Green's Complaint, doc. 1, should be **DISMISSED**. *See, e.g.,* Fed. R. Civ. P. 41(b). This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28

U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 3rd day of May, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA